# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER <u>22-SCCV-093833</u>

Davis, Stephanie
_____

**PLAINTIFF**

**VS.**

Coca-Cola Bottling Company United, Inc.
_____

**DEFENDANT**

### SUMMONS

TO: COCA-COLA BOTTLING COMPANY UNITED, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David McCain**
> **Childers & McCain, LLC**
> **P.O. Box 1752   –**
> **Macon, Georgia 31202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of January, 2022.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia



EXHIBIT

A

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093833**
JBH
JAN 26, 2022 04:26 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

# IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

STEPHANIE DAVIS,

     **Plaintiff,**

**v.**

**COCA-COLA BOTTLING COMPANY
UNITED, INC.,**

     **Defendant.**

CIVIL ACTION NO.

_____

## COMPLAINT

COMES NOW Plaintiff Stephanie Davis (herein "Plaintiff") and files this, her Complaint against Coca-Cola Bottling Company United, Inc., respectfully showing the Court the following:

1.

Plaintiff is a resident of Bibb County, Georgia, and submits to the jurisdiction and venue of this Court by the filing of the within and foregoing action.

2.

Defendant Coca-Cola Bottling Company United, Inc. (herein "Defendant") is a foreign corporation operating for the purpose of pecuniary profit and gain.

3.

Defendant's principal place of business is located in the State of Alabama, and Defendant is authorized to transact business in the State of Georgia.

4.

Defendant has an office in Bibb County, Georgia, and Defendant transacts business in Bibb County, Georgia.

5.

Defendant may be served with Summons, Complaint and discovery documents by serving its Registered Agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

6.

Defendant is subject to the jurisdiction and venue of this Court pursuant to Ga. Cont. Art. VI, § II, ¶ VI, O.C.G.A. §§ 14-2-510 and 40-1-117(b), and other applicable law.

7.

Defendant's United States Department of Transportation Number is 251147.

8.

At all times relevant hereto, Defendant was operating as a "motor contract carrier" under the laws of the State of Georgia and pursuant to the Federal Motor Carrier Safety Regulations.

9.

The incident at issue took place on July 30, 2020 in Bibb County, Georgia.

10.

On July 30, 2020, Defendant had an active motor carrier authority status with the Federal Motor Carrier Safety Administration, and was engaged in interstate commerce.

11.

On July 30, 2020, Defendant was licensed and insured in accordance with Federal Motor Carrier Safety Administration rules and regulations.

12.

On July 30, 2020, Defendant was insured by a policy of indemnity insurance with ACE American Insurance Company.

-2-

13.

Defendant had active broker authority on July 30, 2020.

14.

By virtue of the facts and allegations herein, the above-named Defendant is subject to the jurisdiction and venue of this Court.

15.

The Federal Motor Carrier Safety Regulations ("FMCSR") are applicable to this case.

16.

On July 30, 2020, Coreey Coates was driving a tractor trailer owned by Defendant on Interstate 75 South in Bibb County, Georgia.

17.

Coreey Coates lost control of the tractor trailer owned by Defendant, crashed Defendant's tractor trailer into a concrete barrier wall on I-75 South and came to a rest near the right shoulder of I-75 South.

18.

Due to the wreck caused by Coreey Coates, traffic on I-75 South came to a stop.

19.

At the time of the wreck caused by Coreey Coates, Plaintiff was driving on I-75 South behind Coreey Coates.

20.

Plaintiff was required to stop on I-75 South due to the wreck caused by Coreey Coates.

21.

When Plaintiff stopped, a vehicle driven by Megan Buggica crashed into the rear end of the vehicle driven by Plaintiff.

22.

At all times relevant to this Complaint, Plaintiff exercised due care for her safety and the safety of others.

23.

Coreey Coates breached his duty to exercise ordinary care and diligence to avoid the wreck at issue.

24.

Coreey Coates was negligent in failing to keep Defendant's tractor trailer under proper control.

25.

Coreey Coates was negligent per se in that he violated and failed to comply with the Federal Motor Carrier Safety Regulations, the Georgia Motor Carrier Act, and various rules of the road as incorporated into O.C.G.A. § 40, Chapter 6.

26.

Coreey Coates was otherwise negligent.

27.

On July 30, 2020, Coreey Coates was an employee of Defendant.

28.

At the time of the July 30, 2020 wreck, Coreey Coates was acting in the course and scope of his employment with Defendant and furthering the business of Defendant.

-4-

29.

Defendant is vicariously liable for the negligence of Coreey Coates as alleged herein.

30.

Pursuant to the principles of *respondeat superior*, Defendant is liable for the torts committed by Coreey Coates while he was acting within the scope of his employment with Defendant.

31.

Upon information and belief, Defendant was negligent in its hiring, selecting, retaining, training, entrustment, controlling and supervising of Coreey Coates.

32.

Defendant is directly liable for its negligence arising out of its violations of the FMCSR and state law.

33.

Defendant was otherwise negligent

34.

Plaintiff could not observe the danger created by the negligence of Defendant and Coreey Coates in time to avoid being injured.

35.

The actions and omissions of Defendant and Coreey Coates violated the FMCSRs and the Georgia Motor Carrier Act, said violations amounting to negligence per se.

36.

The negligence of Defendant proximately caused Plaintiff to suffer injuries and damages in an amount to be proven at trial.

37.

As a result of the negligence of Defendant, Plaintiff suffered physical and mental pain, from which she still suffers, and will continue to suffer from said pain in the future.

38.

As a further result of the negligence of Defendant, Plaintiff suffered a diminishment in her capacity to work, labor and enjoy life.

39.

As a further result of the negligence of Defendant, Plaintiff suffered special damages in the amount of at least $64,200.68.

40.

As a further result of the negligence of Defendant, Plaintiff suffered past, present, and future mental and physical pain and suffering.

41.

As a further result of the negligence of Defendant, Plaintiff suffered shock, anxiety and worry.

42.

As a further result of the negligence of Defendant, Plaintiff incurred medical expenses for the care and treatment of her injuries.

43.

Defendant's actions and omissions constitute willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

44.

Plaintiff is entitled to damages from Defendant pursuant to O.C.G.A. § 51-12-5.1 and other applicable law such as will deter Defendant from further and other acts of this nature.

45.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary cost and expense such that Plaintiff seeks to recover from Defendant all costs of litigation, including attorneys' fees and expenses, pursuant to O.C.G.A. § 13-6-11 and other applicable law.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That summons and process issue in terms of law;

(b)     For a trial by jury;

(c)     That Plaintiff have and recover damages for her past, present, and future pain and suffering in an amount to be determined by the fair and enlightened conscience of an impartial jury;

(d)     That Plaintiff have and recover damages for all her special damages, including past, present and future medical expenses incurred as a result of her injuries in the amount of at least $64,200.68;

(e)     That Plaintiff have and recover attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

(f)     That Plaintiff have and recover punitive damages against Defendant;

(g)     That Plaintiff have and recover damages sufficient to compensate her fully, fairly and completely for all her losses compensable under Georgia law; and

(h)     For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
CHRISTY CROWE CHILDERS
Georgia Bar No. 142276
Attorneys for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

**✇ EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093833**
JBH
JAN 26, 2022 04:26 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

STEPHANIE DAVIS,

     **Plaintiff,**

v.

COCA-COLA BOTTLING COMPANY
UNITED, INC.,

     **Defendant.**

CIVIL ACTION NO.

_____

## PLAINTIFF'S RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the **PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT; PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** have been delivered with the Complaint and Summons to the Gwinnett County Sheriff's Office or to a duly appointed process server or for service on:

Coca-Cola Bottling Company United, Inc.
C/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046-4805

This 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
CHRISTY CROWE CHILDERS
Georgia Bar No. 142276
Attorneys for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S RULE 5.2**

**CERTIFICATE OF SERVICE** has been delivered with the Complaint and Summons  to the

Gwinnett County Sheriff's Office or to a duly appointed process server or for service on:

Coca-Cola Bottling Company United, Inc.
C/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046-4805

This 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
Attorney for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-2-

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

STEPHANIE DAVIS,

      **Plaintiff,**

**v.**

**COCA-COLA BOTTLING COMPANY
UNITED, INC.,**

      **Defendant.**

CIVIL ACTION NO.

_____

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT

TO:    Coca-Cola Bottling Company United, Inc.
       C/o CT Corporation System, Registered Agent
       289 S. Culver Street
       Lawrenceville, Gwinnett County, Georgia 30046-4805

In accordance with O.C.G.A. § 9-11-36, Plaintiff requests the Defendant herein to admit, within forty-five (45) days after service of this request, for the purpose of the above-styled claim, that each of the following matters is true. Your attention is specifically directed to O.C.G.A. § 9-11-36(a)(2) which provides: "The matter is admitted unless . . . the party to whom the Request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney. . . ." Plaintiff requests that Defendant make the following admissions:

That each of the following statements is true:

## REQUEST NO. 1

Coca-Cola Bottling Company United, Inc.'s name is correctly and properly spelled in the caption of the Complaint.

### REQUEST NO. 2

Coca-Cola Bottling Company United, Inc. was properly served with a copy of this lawsuit and summons.

### REQUEST NO. 3

On July 30, 2020, a truck owned by Coca-Cola Bottling Company United, Inc. crashed on Interstate 75 South in Bibb County, Georgia.

### REQUEST NO. 4

On July 30, 2020, Coca-Cola Bottling Company United, Inc. employed Coreey Coates.

### REQUEST NO. 5

Coreey Coates was driving a truck owned by Coca-Cola Bottling Company United, Inc. at the time of the July 30, 2020 incident at issue in Plaintiff's Complaint.

### REQUEST NO. 6

Coca-Cola Bottling Company United, Inc. is vicariously liable for the negligence of Coreey Coates while Coreey Coates was acting in the scope and course of his employment with Coca-Cola Bottling Company United, Inc.

### REQUEST NO. 7

The State Court of Bibb County is the proper venue for the above-captioned action.

### REQUEST NO. 8

The State Court of Bibb County has proper jurisdiction over the above-captioned action.

### REQUEST NO. 9

An agent or employee of Coca-Cola Bottling Company United, Inc. was negligent in connection with the July 30, 2020 incident at issue in Plaintiff's Complaint.

**REQUEST NO. 10**

The negligence of an agent or employee of Coca-Cola Bottling Company United, Inc.

proximately caused damages to Plaintiff.

**REQUEST NO. 11**

Plaintiff was injured in the incident at issue in Plaintiff's Complaint.

This 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
CHRISTY CROWE CHILDERS
Georgia Bar No. 142276
Attorneys for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT** has been delivered with the Complaint and Summons to the Gwinnett County Sheriff's Office or to a duly appointed process server or for service on:

Coca-Cola Bottling Company United, Inc.
C/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046-4805

This 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
Attorney for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-4-

## IN THE STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **STEPHANIE DAVIS,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **v.** | |
| **COCA-COLA BOTTLING COMPANY UNITED, INC.,** | _____ |
| **Defendant.** | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

TO:   Coca-Cola Bottling Company United, Inc.
      C/o CT Corporation System, Registered Agent
      289 S. Culver Street
      Lawrenceville, Gwinnett County, Georgia 30046-4805

Plaintiff, pursuant to O.C.G.A. § 9-11-33, submits to Defendant Coca-Cola Bottling Company United, Inc. (herein "Defendant") for response within forty-five (45) days after service hereof, in the form provided by law, the following Interrogatories.

## PRELIMINARY STATEMENT

A.      All Interrogatories are to be answered fully, completely, and under oath within the time provided by law.

B.      Each of the following Interrogatories is a continuing Interrogatory; as such, Plaintiff requests that in the event that Defendant at any later date obtains any fact, makes any assumption or contention, reaches any conclusion or opinions, obtains any addresses or whereabouts that are different from or supplementary to those set forth in the answers to these Interrogatories, Defendant amend the answers to these Interrogatories sufficiently prior to trial so as to fully set forth such different or additional facts, assumptions, conclusions, names, addresses, or whereabouts. A failure to amend such a response is, in substance, a knowing concealment.

C.      When used in these Interrogatories, the term "YOU" or any synonym thereof is intended to embrace and include, in addition to Defendant, all agents, servants, employees, representatives, investigators, or others who are in the possession of or may have obtained information for or on behalf of Defendant.

D.      If Defendant cannot, for any reason, answer any Interrogatory fully and completely after exercising due diligence to secure the information with which to respond, Defendant must so state and describe in full detail the effort to obtain the information and must answer, to the extent possible, predicated upon the information currently available.

E.      The term "PERSON" includes individuals, firms, associations, partnerships, corporations, proprietorships, governmental agencies, or any other organizations or entities.

F.      The term "IDENTIFY," when used in reference to a "DOCUMENT," means:
   (a)   Furnish the name and date of the document, the name and address of the person originating the document, the name and address of the person, if any, to whom the document was addressed and/or to whom copies were sent;
   (b)   State whether you are in possession of the original of the document or a copy of it, and, if not in the possession of the original or a copy, furnish the name and address of the custodian of the original or the copy;
   (c)   State the source of the document and the method by which it or a copy came into your possession or to your attention; and,
   (d)   Briefly describe the contents of said document.

G.      The term "IDENTIFY," as used in connection with a person or persons, means:
   (a)   State the name and present address and telephone number, or if unknown, the last known address and telephone number, title, and employer of the person or persons; and,
   (b)   If such person is not now, but was formerly an employee or agent of yours, give the dates so employed and the title and capacity in which they were employed.

H.      The word "DOCUMENT" is used herein in its broadest sense, and includes any original, reproduction or a copy of any kind, typed, recorded, graphic, printed, written, or documentary matter, including without limitation, correspondence, memoranda, emails, facsimiles, office communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegraphs, notes of telephone conversations, and notes of any and all communications of every other means of recording any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols or combinations thereof.

I.      The term "DATE" shall mean the exact day, month, and year, if ascertainable, or if not, the best available approximation (including the relationship to other events).

J.      The term "FACT" shall mean, including without limitation, every thing, occurrence, event, or state of affairs contended by Defendant to relate to the subject referenced by the party propounding the Interrogatories.

## INTERROGATORY NO. 1

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

## INTERROGATORY NO. 2

Identify the following people: (a) The Safety Director/Chief Safety Officer for Defendant on the date of the July 30, 2020 crash (herein the "Subject Incident"); (b) The current Safety Director/Chief Safety Officer for Defendant; (c) The person(s) primarily responsible for compliance with state and federal safety regulations for Defendant on the date of the Subject Incident; (d) The person(s) currently primarily responsible for compliance with state and federal safety regulations for Defendant; (e) The person(s) responsible for selecting, hiring, training, and retaining Coreey Coates; and (f) Coreey Coates' supervisor and manager on the date of the Subject Incident.

## INTERROGATORY NO. 3

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Defendant's driver's actions in the three years preceding the Subject Incident, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

## INTERROGATORY NO. 4

For the three years preceding the Subject Incident through the present, identify and explain each communication of any kind between any federal and/or state agency and Defendant that involved compliance (or noncompliance) with state and/or federal laws and/or regulations. This Interrogatory includes, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

## **INTERROGATORY NO. 5**

With respect to the <u>tractor</u> operated by Coreey Coates at the time of the Subject Incident, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Incident;

(c)    For the engine, identify the manufacturer, year, model and identification number;

(d)    Identify all systems and devices in/on the tractor that have the capability of recording and/or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, GPS, Fleet Management Software such as Keep Truckin, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)    Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, Keep Truckin, or similar system; any collision

-4-

or lane departure warning system; any driver safety monitoring or hours of service monitoring system; any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

## **INTERROGATORY NO. 6**

With respect to the <u>trailer</u> operated by Coreey Coates at the time of the Subject Incident, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Incident and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Incident.

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system,

logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Incident has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)     Identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

**INTERROGATORY NO. 7**

With respect to the trip that Coreey Coates was on at the time of the Subject Incident, provide the following information:

(a)     Identify all shippers and brokers involved;

(b)     Explain where and when (date and time) Coreey Coates picked up the load he had at the time of the Subject Incident;

(c)     Identify where (name and address of location) and when (date and time) the load was to be delivered;

(d)     Identify the location, time, duration and reason for each stop Coreey Coates made from the time he picked up the load until the time of the Subject Incident; and

(e)     Identify the route Coreey Coates intended to follow from the point of origin to the point of destination.

**INTERROGATORY NO. 8**

With respect to Coreey Coates's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

(a)     Identify all errors on Coreey Coates's logs of which you are aware;

-6-

(b)    Identify all HOS violations of which you are aware;

(c)    Explain what you have done, if anything, to audit or verify the accuracy of Coreey Coates's logs and identify all persons involved in the process; and,

(d)    Identify all documents and data of any kind that you used to audit or verify the accuracy of Coreey Coates's logs.

## INTERROGATORY NO. 9

For the 72 hours leading up to the Subject Incident, provide the following information regarding Coreey Coates:

(a)    Identify all driving hours;

(b)    Identify all on-duty not driving hours (location and activities);

(c)    Identify all stops (time and location) and the reason for them;

(d)    Identify when and where meals were eaten;

(e)    Identify when and where Coreey Coates slept; and

(f)    Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

## INTERROGATORY NO. 10

Did Coreey Coates have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

## INTERROGATORY NO. 11

If Defendant performs and/or performed hours of service log audits on drivers,

(a)    Explain what is entailed in the auditing process;

(b)    Identify all documents and data used in the process;

(c)     Identify who performs the audits (in-house or outsourced);

(d)     Identify when, if ever, Coreey Coates's logs or the logs of drivers of Defendant were audited; and

(e)     Identify all Hours of Service violations of which you are aware for Coreey Coates while he was working for Defendant.

## INTERROGATORY NO. 12

With Respect to Coreey Coates, provide the following information:

(a)     Explain the relationships between Defendant and Coreey Coates at the time of the Subject Incident (e.g., leased driver, company driver, motor carrier, broker, shipper, etc.);

(b)     Explain how and by whom Coreey Coates was paid for driving for Defendant (by hour, by load, by mile, salary or other);

(c)     Explain all steps Defendant undertook to qualify Coreey Coates in accord with the Federal Motor Carrier Safety Regulations;

(d)     Identify when Defendant's relationship with Coreey Coates began and ended.

## INTERROGATORY NO. 13

Was Coreey Coates acting within the course and scope of his employment or agency at the time of the Subject Incident? If not, explain the basis for your contention and identify documents and witnesses that support your contention.

## INTERROGATORY NO. 14

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Defendant regarding Coreey Coates at any time.

**INTERROGATORY NO. 15**

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of Defendant to Coreey Coates at any time and in any way related to the operation of a commercial motor vehicle.

**INTERROGATORY NO. 16**

Identify all traffic violations committed by Coreey Coates, either while in your employ or in previous employment.

**INTERROGATORY NO. 17**

If Coreey Coates has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**INTERROGATORY NO. 18**

For each motor vehicle collision/accident involving Coreey Coates of which you are aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**INTERROGATORY NO. 19**

If Coreey Coates has ever been disqualified from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

**INTERROGATORY NO. 20**

Identify and explain all communications of any kind between Coreey Coates and anyone acting for or on behalf of Defendant during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Incident. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## INTERROGATORY NO. 21

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Defendant at the time of the Subject Incident, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

## INTERROGATORY NO. 22

Identify all Defendant's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Coreey Coates at the time of the Subject Incident.

## INTERROGATORY NO. 23

Describe in detail when and how you first became aware that Coreey Coates was involved in the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

## INTERROGATORY NO. 24

Explain your understanding of how and why the Subject Incident occurred.

## INTERROGATORY NO. 25

Identify all persons who to your knowledge were present at the scene of the Subject Incident at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

## INTERROGATORY NO. 26

Identify each person (name and employer) who has been involved in the investigation of the Subject Incident. For each person identified, describe their role and involvement in the investigation.

### INTERROGATORY NO. 27

Identify (name, address, and telephone number) any person known by you, your insurance company(ies), employees, agents or attorneys, to have information relative to the subject matter contained within Plaintiff's Complaint, including but not limited to information regarding: the Subject Incident; the facts leading up to the Subject Incident; the investigation of the Subject Incident; any party to this action; any vehicles involved in the Subject Incident; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses that may have relevant testimony of any kind in connection with this case.

### INTERROGATORY NO. 28

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case. For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

### INTERROGATORY NO. 29

Identify and explain all interaction and communication between anyone working for or on behalf of Defendant and any federal and/or state law enforcement personnel/agency regarding the Subject Incident. Please include the identification of all persons involved and what information was conveyed.

## INTERROGATORY NO. 30

Identify and explain all interaction and communication between anyone working for or on behalf of Defendant and anyone employed with or acting on behalf of Coreey Coates in connection with the Subject Incident.

## INTERROGATORY NO. 31

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Coreey Coates after the Subject Incident occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

## INTERROGATORY NO. 32

As to any tests, inspections, measurements and/or investigations performed by or on behalf of Coreey Coates, or of which you are at all aware regarding in any way the Subject Incident and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

## INTERROGATORY NO. 33

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

## INTERROGATORY NO. 34

Do you deny you were negligent in this incident? If so, please state the basis of your denial. If you admit that you were negligent, please state whether you contend that your negligence was not the proximate cause of this incident, explaining the basis for this contention in detail.

## INTERROGATORY NO. 35

If you maintain that Plaintiff or any other person or entity has any responsibility of any kind for causing the Subject Incident, party or non-party, and/or for causing any of the damages alleged in the Plaintiff's Complaint, describe in detail the basis for this responsibility and identify all person(s) who have any knowledge regarding this issue.

## INTERROGATORY NO. 36

If Defendant has performed any review (e.g., accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review and the conclusions that were reached.

## INTERROGATORY NO. 37

Identify each person Defendant expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

## INTERROGATORY NO. 38

For each of Plaintiff's First Request for Admissions to Defendant that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## INTERROGATORY NO. 39

Please state and list any and all mobile phone, smart phone, and/or cellular phone numbers and the corresponding carrier for any phone that might have been available for use by Coreey Coates at the time of the Subject Incident and state whether your investigation has determined if Coreey Coates was talking, texting, looking at, or using a cellular or mobile phone or device at or immediately before Subject Incident and the results of that investigation.

## INTERROGATORY NO. 40

Identify (name, address, and phone number) any and all witnesses you intend to call at any hearing or at the trial of this matter.

## INTERROGATORY NO. 41

For each insurance policy of any kind that does or may provide any coverage on behalf of Defendant or for the Subject Incident (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## INTERROGATORY NO. 42

If anyone working for or on behalf of Defendant has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

[SIGNATURE ON FOLLOWING PAGE]

-14-

Submitted this 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
CHRISTY CROWE CHILDERS
Georgia Bar No. 142276
Attorneys for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-15-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT** has been delivered with the Complaint and Summons to the Gwinnett County Sheriff's Office or to a duly appointed process server or for service on:

Coca-Cola Bottling Company United, Inc.
C/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046-4805

This 26 day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
Attorney for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-16-

## IN THE STATE COURT OF BIBB COUNTY
### STATE OF GEORGIA

STEPHANIE DAVIS,

       **Plaintiff,**

v.

**COCA-COLA BOTTLING COMPANY
UNITED, INC.,**

       **Defendant.**

**CIVIL ACTION NO.**

_____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT

TO:    Coca-Cola Bottling Company United, Inc.
        C/o CT Corporation System, Registered Agent
        289 S. Culver Street
        Lawrenceville, Gwinnett County, Georgia 30046-4805

COMES NOW Plaintiff in the above-captioned action, and pursuant to Rule 34 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-34, hereby request Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably usable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the parties upon whom these requests are served.

The production of documents and things hereinbelow designated shall be made within 45 days of the service of these requests at the office of Childers & McCain, L.L.C., 577 Mulberry Street, Suite 1520, Macon, Georgia 31202.

NOTE A:  Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of these Requests or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, these requests shall be deemed to be continuing in nature.

NOTE B:  As an alternative to producing the documents or other evidence of writing, hereinbelow designated, at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Requests for Production and serve same upon the undersigned counsel within forty-five (45) days from the date of service of these requests at Childers & McCain, L.L.C., P.O. Box 1752, Macon, Georgia 31202.

Please produce the following:

### REQUEST TO PRODUCE NO. 1

A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories.

### REQUEST TO PRODUCE NO. 2

A copy of each document retention policy in effect at any time between the time of the incident at issue in Plaintiff's Complaint (herein the "Subject Incident") and present.

### REQUEST TO PRODUCE NO. 3

A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

### REQUEST TO PRODUCE NO. 4

A copy of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

-2-

### REQUEST TO PRODUCE NO. 5

A copy of all documents setting forth the relationship by, between, and among Defendant and Coreey Coates. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

### REQUEST TO PRODUCE NO. 6

A copy of the contents of Coreey Coates's driver qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

### REQUEST TO PRODUCE NO. 7

A copy of all documents of any kind that relate to any pre-employment background investigation of Coreey Coates, including without limitation any investigation of Coreey Coates's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with any entity and specifically with any entity named as a Defendant herein. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

### REQUEST TO PRODUCE NO. 8

A copy of all documents that relate in any way to your recruiting of Coreey Coates.

### REQUEST TO PRODUCE NO. 9

A copy of all documents that relate in any way to you hiring Coreey Coates.

**REQUEST TO PRODUCE NO. 10**

A copy of all documents that relate in any way to any orientation provided by Defendant to Coreey Coates.

**REQUEST TO PRODUCE NO. 11**

A copy of all documents that relate in any way to the training of Coreey Coates. This includes, but is not limited to, all documents that show all training received by Coreey Coates; when, where and who provided the training; and all materials used for training.

**REQUEST TO PRODUCE NO. 12**

A copy of all quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Defendant to Coreey Coates at any time. An answer key should also be provided.

**REQUEST TO PRODUCE NO. 13**

A copy of all documents (a) explaining how Coreey Coates was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

**REQUEST TO PRODUCE NO. 14**

A copy of the front and back of every driver's license issued to Coreey Coates (regardless of name used) in your possession, custody and/or control.

**REQUEST TO PRODUCE NO. 15**

An itemized printout of all mobile device data usage information for any cellular phone, digital phone, or other device that is capable of transmitting data or messages or receiving voice calls, including but not limited to, a list of all incoming and outgoing calls, text messages, voice messages and other data downloaded or transmitted for any device available for use by Coreey Coates on the date of the Subject Incident.

-4-

**REQUEST TO PRODUCE NO. 16**

A copy of all medical records and/or reports relating to or concerning Plaintiff.

**REQUEST TO PRODUCE NO. 17**

A copy of all documents received in response to any third-party requests for production of documents, subpoena duces tecum, or notice to produce.

**REQUEST TO PRODUCE NO. 18**

A copy of all documents placing you on notice of any violation by you and/or Coreey Coates of any law, ordinance or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as a copy of citations, warnings and inspection reports.

**REQUEST TO PRODUCE NO. 19**

A copy of all documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Coreey Coates in your possession, custody and/or control.

**REQUEST TO PRODUCE NO. 20**

A copy of all documents relating to any violation of any safety rule or principle by Coreey Coates at any time.

**REQUEST TO PRODUCE NO. 21**

A copy of all documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Defendant directed to Coreey Coates for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Coreey Coates in any way relating to the safe operation of a commercial motor vehicle. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

### REQUEST TO PRODUCE NO. 22

A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Coreey Coates has been involved.

### REQUEST TO PRODUCE NO. 23

A copy of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Coreey Coates. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

### REQUEST TO PRODUCE NO. 24

For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Coreey Coates was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident. This includes all devices, whether owned by Coreey Coates or not, and whether the device(s) was in use at the time of the Subject Incident or not.

### REQUEST TO PRODUCE NO. 25

A copy of all documents prepared by Coreey Coates that describes the Subject Incident or the circumstances leading up to the subject incident.

### REQUEST TO PRODUCE NO. 26

A copy of all documents evidencing any evaluation of the driving abilities, safety, and/or performance of Coreey Coates that has not been produced in response to the preceding Requests.

## REQUEST TO PRODUCE NO. 27

A copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Coreey Coates in any way, that has not been produced in response to other Requests above.

## REQUEST TO PRODUCE NO. 28

A copy of all Coreey Coates's hours of service logs and any other driving logs and/or time sheets for the period beginning 180 days before the Subject Incident and ending 7 days following the Subject Incident.

## REQUEST TO PRODUCE NO. 29

In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Coreey Coates was doing for the time period beginning 14 days before the Subject Incident and ending two days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage

reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver call in reports and any other documentation of any communications between you and Coreey Coates.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

### REQUEST TO PRODUCE NO. 30

A copy of all audits and summaries of Coreey Coates's hours of service covering the period beginning one year prior to the Subject Incident and ending 14 days following the Subject Incident.

### REQUEST TO PRODUCE NO. 31

For the tractor involved in the Subject Incident, produce the following documents:

a.  Title;

b.  Registration;

c.  Operators manual;

d.  Maintenance Schedules;

e.  All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

-8-

f.   All documents evidencing any inspections of the tractor during the 6 months before the Subject Incident;

g.   All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Incident;

h.   All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i.   All leases involving the vehicle;

j.   Documents evidencing the purchase of the vehicle;

k.   Documents evidencing the sale of the vehicle if it has been sold;

l.   Documents evidencing mileage and weight at time of the Subject Incident; and

m.   A copy of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

## **REQUEST TO PRODUCE NO. 32**

For the trailer involved in the Subject Incident, produce the following documents:

a.   Title;

b.   Registration;

c.   Operators manual;

d.   Maintenance Schedules;

e.   All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.   All documents evidencing any inspections of the tractor during the 6 months before the Subject Incident;

-9-

g.   All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Incident;

h.   All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i.   All leases involving the vehicle;

j.   Documents evidencing the purchase of the vehicle;

k.   Documents evidencing the sale of the vehicle if it has been sold;

l.   Documents evidencing mileage and weight at time of the Subject Incident; and

m.   A copy of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

### REQUEST TO PRODUCE NO. 33

If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

### REQUEST TO PRODUCE NO. 34

If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

## REQUEST TO PRODUCE NO. 35

If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

## REQUEST TO PRODUCE NO. 36

A copy of all e-mails between you and Coreey Coates for the time period beginning 90 days prior to the Subject Incident and present.

## REQUEST TO PRODUCE NO. 37

A copy of all communications and transmissions between Coreey Coates and any entity transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning 30 days before the Subject Incident and ending seven days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

## REQUEST TO PRODUCE NO. 38

If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

## REQUEST TO PRODUCE NO. 39

To the degree not produced in response to other Requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

-11-

**REQUEST TO PRODUCE NO. 40**

A copy of each out of service report or violation concerning the <u>tractor</u> and/or the <u>trailer</u> involved in the Subject Incident from the period beginning one year prior to the Subject Incident through present. This request includes any supplements, responses, amendments and dispositions regarding any violation.

**REQUEST TO PRODUCE NO. 41**

A copy of all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST TO PRODUCE NO. 42**

A copy of all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s)*, release*(s)*, assignment*(s)*, etc.

**REQUEST TO PRODUCE NO. 43**

For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

**REQUEST TO PRODUCE NO. 44**

A copy of all pre-trip inspection reports for the trip in question and three months prior to the date of the Subject Incident for the <u>tractor</u> and <u>trailer</u> involved in the Subject Incident.

### REQUEST TO PRODUCE NO. 45

A copy of all documents that relate to the load being hauled by Coreey Coates at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

### REQUEST TO PRODUCE NO. 46

A copy of every document related to any investigation done by or on behalf of Defendant of the scene of the Subject Incident.

### REQUEST TO PRODUCE NO. 47

A copy of all documents authored by anyone working for or on behalf of Defendant that set forth any facts relating to the Subject Incident.

### REQUEST TO PRODUCE NO. 48

A copy of all documents that explain what caused the Subject Incident.

### REQUEST TO PRODUCE NO. 49

A copy of all documents assessing preventability of and/or fault for the Subject Incident.

### REQUEST TO PRODUCE NO. 50

If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within 14 days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

### REQUEST TO PRODUCE NO. 51

A copy of all photographs, video, computer simulations, and any other documents depicting:

a.  Any vehicle involved in the Subject Incident;

b.  Any person involved in the Subject Incident;

-13-

c.  The scene of the Subject Incident; and/or

d.  Any evidence (roadway markings or other) relevant to the Subject Incident.

### REQUEST TO PRODUCE NO. 52

A copy of all reports relating to the Subject Incident, including those prepared by Coreey Coates and those prepared by anyone working for or on behalf of any entity, to include the Defendant named in the above captioned suit (except lawyers).

### REQUEST TO PRODUCE NO. 53

A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

### REQUEST TO PRODUCE NO. 54

All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

### REQUEST TO PRODUCE NO. 55

If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

a.  A copy of all documents and other materials of any kind reviewed by said board or entity;

b.  A copy of all reports and documents of any kind generated by said board or entity;

c.  Documents evidencing who was on the board;

d.  Documents evidencing all criteria for review; and

e.  Determination of preventability and all other conclusions reached by said board or entity.

## REQUEST TO PRODUCE NO. 56

A copy of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

## REQUEST TO PRODUCE NO. 57

A copy of all documents and communications of any kind related to any CSA Intervention against Defendant.

## REQUEST TO PRODUCE NO. 58

A copy of all policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

a.   Working for or with trucking company generally (e.g., employee manual or handbook);

b.   Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.   Operation of a commercial vehicle;

d.   Driving safety;

e.   Defensive driving;

f.   Compliance with federal and state laws and regulations;

g.   Accident investigation;

h.   Accident review boards;

i.   Determination of preventability of accidents;

j.   Hiring, training and supervising drivers; and

k.   Disciplinary actions.

-15-

## REQUEST TO PRODUCE NO. 59

A copy of each document that Coreey Coates signed to prove that Coreey Coates received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of any company.

## REQUEST TO PRODUCE NO. 60

A copy of all rules, policies, procedures, guidelines, driving manuals, employee handbooks or manuals, or other similar documents that were <u>not</u> provided to Coreey Coates <u>before</u> the Subject Incident, please produce them now.

## REQUEST TO PRODUCE NO. 61

A copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by any defendant, its personnel, agents, or employees during the year of the Subject Incident and three years prior.

## REQUEST TO PRODUCE NO. 62

A copy of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

## REQUEST TO PRODUCE NO. 63

A copy of documents showing the hierarchy of managerial positions at the company named in the suit at issue and who occupied such positions as of the time of the Subject Incident and presently.

-16-

## REQUEST TO PRODUCE NO. 64

A copy of each document (including articles and presentations) prepared and/or presented by any representative of Defendant relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five years.

## REQUEST TO PRODUCE NO. 65

A copy of all company newsletters distributed during the time period beginning two years before the Subject Incident to present.

## REQUEST TO PRODUCE NO. 66

A copy of all lease and trip lease contracts applicable to Defendant, Coreey Coates and/or any vehicle or trailer involved in the Subject Incident.

## REQUEST TO PRODUCE NO. 67

A copy of any contract under which your company was operating the truck in question at the time of the Subject Incident.

## REQUEST TO PRODUCE NO. 68

A copy of the accident register maintained as required by 49 CFR § 390.35.

## REQUEST TO PRODUCE NO. 69

A copy of all transcripts or recordings of all depositions of corporate designees given in the past five years in cases where it was alleged that a driver operating a motor carrier for Defendant caused injury or death to another person.

## REQUEST TO PRODUCE NO. 70

A copy of all documents putting any third party on notice of a claim arising from the Subject Incident.

-17-

## REQUEST TO PRODUCE NO. 71

A copy of all correspondence and other communication of any kind between you and Coreey Coates regarding the Subject Incident.

## REQUEST TO PRODUCE NO. 72

With respect to each expert witness who may provide testimony at the trial of this case, provide:

a. A copy of all documents and items of any kind produced **to** said expert;

b. A copy of all documents and items of any kind generated or produced **by** said expert;

c. A copy of the entire file of said expert;

d. A current résumé or curriculum vitae for said expert; and

e. All billing records and work logs for said expert.

## REQUEST TO PRODUCE NO. 73

A copy of all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than Defendant.

## REQUEST TO PRODUCE NO. 74

A copy of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

## REQUEST TO PRODUCE NO. 75

A copy of each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

-18-

## REQUEST TO PRODUCE NO. 76

A copy of each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

## REQUEST TO PRODUCE NO. 77

If any surveillance of Plaintiff has been undertaken by or on behalf of Defendant, produce a copy of all reports, photographs, video and anything else generated through that investigation.

This 26ᵗʰ day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
CHRISTY CROWE CHILDERS
Georgia Bar No. 142276
Attorneys for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-19-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** has been delivered with the Complaint and Summons to the Gwinnett County Sheriff's Office or to a duly appointed process server or for service on:

Coca-Cola Bottling Company United, Inc.
C/o CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, Gwinnett County, Georgia 30046-4805

This 26th day of January, 2022.

DAVID H. McCAIN
Georgia Bar No. 551080
Attorney for Plaintiff

Childers & McCain, L.L.C.
577 Mulberry Street, Suite 1520
P.O. Box 1752
Macon, Georgia 31202
Phone: (478) 238-6692
Fax: (478) 238-6577
david@childersmccain.com

-20-